BEVERLY ENTERPRISES–PENNSYL-
VANIA, INC., d/b/a Grandview Health
Care Center, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 96–1406.

United States Court of Appeals,
District of Columbia Circuit.

Filed Sept. 19, 1997.

Published Nov. 18, 1997.

Thomas Walsh argued the cause for petitioner, with whom James D. Williams, Jr., Washington, DC, was on the briefs.

William M. Bernstein, Attorney, National Labor Relations Board, argued the cause for respondent, with whom Linda R. Sher, Associate General Counsel, and Aileen A. Armstrong, Deputy Associate General Counsel, Washington, DC, were on the brief.

BEFORE: EDWARDS, Chief Judge;
SENTELLE and RANDOLPH, Circuit
Judges.

*JUDGMENT*

PER CURIAM:

This cause came to be heard on a petition for review from an order of the National Labor Relations Board ("Board") and a cross-petition for enforcement, and was

briefed and argued by counsel. For the reasons stated in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the petition for review is denied and the cross-petition for enforcement is granted.

## *M E M O R A N D U M*

Under section 2(3) of the National Labor Relations Act, "[t]he term 'employee'... shall not include ... any individual employed as a supervisor...." 29 U.S.C. § 152(3) (1994). Under section 2(11), a "supervisor" is defined as:

> any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11) (1994). Under section 14(a), an employer cannot be compelled to bargain about the working conditions of supervisors. *See* 29 U.S.C. § 164(a) (1994).

■■■ In order to determine whether an individual is a supervisor, there are three questions that must be answered. First, does the employee have authority to engage in one of the 12 listed activities in section 2(11)? Second, does the exercise of that authority require "the use of independent judgment"? And, third, does the employee hold the authority "in the interest of the employer"? Only if all three questions are answered in the affirmative is the employee a supervisor. *See NLRB v. Health Care & Retirement Corp.*, 511 U.S. 571, 573–74, 114 S.Ct. 1778, 1780–81, 128 L.Ed.2d 586 (1994).

■■■ The Board has not clearly articulated a standard to distinguish between "routine" exercises of authority and those requiring "independent judgment." However, this need not detain us, for the question of independent judgment under section 2(11) is one of the degree of discretion exercised with respect to the statutory indicia of supervisory

status. If an individual's discretion with respect to assignment, discipline, or the other statutory factors is tightly constrained, then her exercise of that authority is "routine" and does not involve "independent judgment." In this case, the matter in dispute is easily resolved because the employer failed to show that the Licensed Practical Nurses ("LPNs") at issue exercised anything even resembling supervisory authority.

The record makes clear that the vast majority of the tasks performed by both the LPNs and Certified Nursing Assistants ("CNAs") at Grandview are the same from day to day. The LPNs pass medication, perform treatments on patients, stock the medical supply cart, complete paperwork and patient assessments, and accompany doctors on rounds; the CNAs feed, walk, bathe and turn residents according to a schedule, change them when they are wet, record vital signs, and respond to residents' call lights. When special arrangements are required (for example, when a patient's health changes or an accident has occurred), LPNs are notified at the beginning of their shift by the departing charge nurse. The LPN then informs the CNAs of what has occurred and what they must do to address the situation, for example, monitoring vital signs more frequently or cleaning up a mess. The LPNs have no authority to schedule CNAs on any given day or week, nor do they decide whether and when CNAs will be laid off. The scheduling of CNAs is done by the Assistant Director of Nursing.

In short, the "assignment" and "direction" of employees by LPNs is extremely limited. Basically, it consists of assigning and monitoring the performance of discrete patient care tasks, scheduling CNA breaks to minimize the disruption of patient care, and sometimes assigning CNAs to particular patient rooms within a wing. The Board's determination that this "direction" and "assignment" of employees is merely routine was supported by substantial evidence in the record.

■■■ As to "discipline," the record shows that the LPNs occasionally offer evaluations of the CNAs who work on their wings. There is no indication that any evaluation by a LPN has ever resulted in an adverse personnel action. Because wages and benefits of the CNAs are governed by a collective

bargaining agreement, positive evaluations do not result in wage increases. It was undisputed that LPNs do not have the authority to issue written warnings without higher approval and that they cannot terminate or suspend CNAs. In light of these facts, the Board's determination that LPNs do not actually discipline or effectively recommend discipline was supported by substantial evidence.

In sum, the Board's determination that the LPNs at Grandview are not supervisors within the meaning of section 2(11) of the NLRA was reasonable and supported by substantial evidence. Accordingly, the petition for review is denied and the Board's cross-petition for enforcement is granted.